UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE:<br><br>SOMICA D. BUTLER<br><br>DEBTOR | CASE NO.: 19-12023-jps<br><br>CHAPTER 7<br><br>JUDGE   JESSICA E. PRICE SMITH<br><br>MOTION OF U.S. BANK NATIONAL ASSOCIATION FOR RELIEF FROM STAY<br><br>PROPERTY ADDRESS:<br>12900 SHADY OAK BLVD. GARFIELD HEIGHTS, OH 44125-3853 |

U.S. Bank National Association (hereinafter "Movant") and hereby moves this Court, under Bankruptcy Code §§361, 362, 363 and other sections of Title 11 of the United States Code, under Federal Rules of Bankruptcy Procedure 4001 and 6007 and under Local Bankruptcy Rule 4001-1 for an Order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code §362 and for abandonment of property under Bankruptcy Code §554.

MEMORANDUM IN SUPPORT

1.     The Court has jurisdiction over this matter under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§1408 and 1409.

2.     On March 29, 2011 the debtor Somica D. Butler executed an Open-End Mortgage in favor of Union National Mortgage Co. in the amount of $72,114.00. Such loan was evidenced by a PROMISSORY NOTE dated March 29, 2011 (the "Note"), a copy of which is attached as Exhibit A.

3. To secure payment of the Note and performance of the other terms contained in it, the debtor Somica D Butler executed a Security Agreement in favor of Union National Mortgage Co. dated March 29, 2011 (the "Security Agreement"). The Security Agreement granted a lien on the **12900 Shady Oak Blvd. Garfield Heights, OH 44125-3853** owned by Somica D Butler (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

☑ attached as Exhibit B;

OR

☐ contained in the Note, attached as Exhibit A.

4. The lien created by the Security Agreement was duly perfected by (check all that apply):

☑ Filing of the Security Agreement in the office of the Cuyahoga County Recorder on March 30, 2011.

☐ Filing of the UCC-1 Financing Statement in the office of _____ on .

☐ Notation of the lien on the Certificate of Title.

☐ Other (state with particularity)_____.

A copy of the recorded Security Agreement is attached as Exhibit B. Based on the debtor's Schedules, the lien is the 1st lien on the Collateral.

5. The entity in possession of the original Note as of the date of this Motion, is

U.S. BANK NATIONAL ASSOCIATION
4801 Frederica Street
Owensboro, KY 42303

2

6. The entity servicing the loan is: the Movant U.S. Bank National Association.

7. The Note was transferred, as evidenced by the following:

    a. If the Collateral is real estate:

        i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender:

☐ N/A.

OR

☑ By endorsement on the Note, payable to U.S. Bank National Association.

AND

☑ By blank endorsement on the Note.

OR

☐ By allonge attached to the Note, payable to_____.

OR

☐ By blank allonge, attached to the Note.

OR

☐ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation):
_____

OR

       ☐    By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <___>. Explain why it provides Movant the authority to endorse the Note:

       _____

    <ii.    Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE> to < _____> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT].>

    <iii.    A court has already determined that Movant has the ability to enforce the Note with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached at Exhibit <_>.>

    <iv.    Other_____ [explain].>

  b.    If the Collateral is not real estate (check one):

       ☑    N/A.

          OR

       ☐    From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRANSFER> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT.]

8.    The Security Agreement was transferred as follows (check one):

       ☐    N/A.

    OR

       ☑    By assignment of mortgage recorded November 9, 2017 in the Cuyahoga Co. Records (see attached Ex. D)

9. The value of the Collateral is $69,600.00. This valuation is based on the Cuyahoga Co. Auditor. (see attached Ex. E)

10. As of the date of this Motion, there is currently due and owing on the Note the outstanding principal balance of $61,469.89 plus interest accruing thereon at the rate of 4.2500% per annum ($7.26 PER DAY) from October 1, 2018 forward, as described in more detail on the worksheet together with other charges due as provided in the promissory note. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 DOES NOT include a credit for the sum held in a suspense account by the Movant. The amount of the credit is N/A.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

- ☐ N/A.
- ☐ _____ Treasurer, for real estate taxes
- ☐ <CO-OWNERS, IF APPLICABLE, STATE NAME>.
- ☒ The City of Lakewood holds a judgment lien in the amount of $205.72

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code §362(d) for these reason(s) (check all that apply):

- ☐ Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: <EXPLAIN>

5

☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

☐ Debtor has failed to keep current the real estate taxes owed on the Collateral.

☑ Debtor has failed to make periodic payments to Movant for the months of November 1, 2018 forward, which unpaid payments are in the aggregate amount of $4,225.20 through April 1 2019. The total provided in this paragraph cannot be relied upon as a reinstatement quotation.

☑ Debtor has no equity in the Collateral, because the Collateral is valued at $69,600, and including the Movant's lien, there are liens in an aggregate amount of $208,559.98 on the collateral. This figure includes the debtor's homestead exemption of $145,425.

☐ Other cause (set forth with specificity):_____

14. Movant has completed the worksheet, attached as Exhibit C.

15. Movant is entitled to an order directing the trustee to abandon the Collateral under 11 U.S.C. §554(b) for these reasons (check all that apply):

☐ The Collateral is burdensome to the estate because _____.

☑ The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

16. Debtor executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

WHEREFORE, Movant prays for an order from the Court:

(a) granting Movant relief from the automatic stay of Bankruptcy Code §362 to permit Movant to proceed under applicable nonbankruptcy law; AND

(b) AUTHORIZING AND DIRECTING THE CHAPTER 7 TRUSTEE TO ABANDON THE COLLATERAL UNDER BANKRUPTCY CODE §554.

Respectfully submitted,

/s/ Mark R. Lembright
ALBERTELLI LAW PARTNERS OHIO, LLC
BY: Mark R. Lembright (0041545)
Counsel for Movant
1001 Lakeside Avenue, Suite 1300
Cleveland, OH 44114
Phone: (216) 588-1500
Fax: (216) 771-4334
mlembright@alaw.net

## PROOF OF SERVICE

I certify that on the 30th of May, 2019, copies of the foregoing were served by mailing the same by ordinary U.S. Mail, postage prepaid, and/or electronically as permitted by local rule, to the persons listed below.

<u>Served by Regular U.S. Mail</u>
Somica D. Butler
6414 Meadowbrook Road
Cleveland, OH 44125
Debtor

The City of Lakewood
12805 Detroit Ave.
Lakewood, OH 44107

<u>Electronic Mail Notice List</u>

*Debtor's Attorney*
Matthew Alden
malden@lawlh.com

*Trustee*
Kari B. Coniglio
kbconiglio@vorys.com

Office of the U.S. Trustee
Howard M. Metzenbaum U.S. Courthouse
201 Superior Ave. East Ste. 441
Cleveland, OH 44114

                              Respectfully Submitted,

                              /s/ Mark R. Lembright
                              ALBERTELLI LAW PARTNERS OHIO, LLC
                              BY: Mark R. Lembright (0041545)
                              Counsel for Movant
                              1001 Lakeside Avenue, Suite 1300
                              Cleveland, OH   44114
                              Phone:   (216) 588-1500
                              Fax:   (216) 771-4334
                              mlembright@alaw.net

19-010752